11735

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NAVISION SHIPPING COMPANY A/S,

                      Plaintiff,

- against -

OSL STEAM-SHIP CORP.,

                      Defendant.
------------------------------------------------------------x

Case No. 07 CIV 9905

*EX PARTE* ORDER
AUTHORIZING PROCESS OF
MARITIME ATTACHMENT
AND GARNISHMENT

       **WHEREAS**, on November 9, 2007, Plaintiff, **NAVISION SHIPPING COMPANY A/S**, filed its Verified Complaint against Defendant, **OSL STEAM-SHIP CORP.**, alleging damages in the amount of **$60,000.00** (Sixty Thousand Dollars), together with interest and costs, and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and

      **WHEREAS**, the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of Defendant's property within this District,

      **NOW, THEREFORE**, after review of the Verified Complaint and proposed Process of Maritime Attachment and Garnishment, and the Court finding that the conditions set forth in Supplemental Rule B appear to exist, it is

      **ORDERED**, that Process of Maritime Attachment and Garnishment shall issue to

the garnishees named in the Schedule A hereto, against all tangible or intangible property belonging to, claimed by or being held for the Defendant by any garnishees within this District, including, but not limited to electronic fund transfers originated by, payable to, or otherwise for the benefit of Defendant whether to or from the garnishees or any other electronic fund transfers, in an amount of up to **$60,000.00**, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further,

**ORDERED**, that any person claiming an interest in the property attached or garnished pursuant to this Order shall, upon application to the Court, be entitled to a prompt hearing as provided by Local Admiralty and Maritime Rule E (1), at which time Plaintiff shall be required to show why the attachment and garnishment should not be vacated or other relief granted; and it is further,

**ORDERED**, that supplemental process specifying other or additional garnishees enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and, it is further,

**ORDERED**, that following initial service by the United States Marshal or other designated process server upon each garnishee, supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of email or facsimile transmission to each garnishee; and, it is further,

**ORDERED**, that service on any garnishee is deemed continuous throughout the day from the time of such service through the opening of the garnishee's business the

## SCHEDULE A

1. Bank of China

2. HSBC (USA) Bank

3. Bank of New York Mellon

4. Barclay's Bank

5. JPMorgan Chase Bank

6. Wachovia Bank

7. Bank of America, N.A.

8. American Express Bank

9. Citibank, N.A.

10. Standard Chartered Bank

11. UBS, A.G.

12. BNP Paribas

13. Calyon Bank

14. Bank of Commerce

15. Deutsche Bank

next business day; and, it is further,

**ORDERED**, that any garnishee may consent to accept service by any other means, including facsimile and e-mail; and, it is further,

**ORDERED**, that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment; and it is further

**ORDERED**, that pursuant to Rule 4 (c) (1), Federal Rules of Civil Procedure, this *Ex Parte* Order of Maritime Attachment and Garnishment and a copy of the Verified Complaint may also be served on the garnishees identified in this garnishment Order, and such additional garnishees as so permitted herein, by one of the following appointees: Samuel Clarke, or any other person at least the age of 18 years and not a party to this action, appointed by Junge & Mele, LLP, attorneys for Plaintiff.

Dated in the City of New York on November 9, 2007

_____
**UNITED STATES DISTRICT JUDGE**

A CERTIFIED COPY
J. MICHAEL McMAHON,                CLERK

BY _____
        DEPUTY CLERK

3